# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBIN AIKENS, | ) |
|         Plaintiff, | ) |
| | ) Case No. 09 C 6678 |
|         v. | ) |
| | ) Judge Joan B. Gottschall |
| SOUL CIRCUS, INC. d/b/a/ UNIVERSOUL CIRCUS, | ) |
|         Defendant. | ) |

## MEMORANDUM OPINION & ORDER

Plaintiff Robin Aikens ("Ms. Aikens") alleges that on September 28, 2007, while she was attending a circus owned and operated by Defendant Soul Circus, Inc. ("Soul Circus"), the chair upon which she was seated broke. According to Ms. Aikens, she fell forward, scraping her legs on a metal bar, striking her forehead and shoulder on the ground, and twisting her neck and lower back. Almost two years later, on September 17, 2009, Ms. Aikens filed a personal injury claim against Soul Circus in Cook County. In her complaint, she alleged that Soul Circus's negligent acts had caused her permanent injury.

About a month later, Soul Circus removed the case to federal court. *See* 28 U.S.C. § 1332. Thereafter, Soul Circus discovered that Ms. Aiken had filed a Chapter 13 bankruptcy petition in the Northern District of Illinois (Case No. 07-16963) on September 18, 2007—just ten days prior to the date of her alleged injury. Ms. Aikens' personal injury claim was never disclosed to the bankruptcy court, and the bankruptcy

was dismissed on April 1, 2010 due to Ms. Aikens' failure to make the required payments under her reorganization plan.

Soul Circus now moves for judgment on the pleadings under Fed. R. Civ. P. 12(c), alleging that Ms. Aikens lacks standing to pursue her personal injury claim; in the alternative, Soul Circus claims that Ms. Aikens is judicially estopped from pursuing that claim due to her failure to amend her bankruptcy schedule. Because Ms. Aikens has standing, but resolution of the remaining issues is not appropriate at this stage in the proceedings, the court denies the motion.

## I. DISCUSSION

### A. Standard of Review

In evaluating a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), the court employs the "same standard that applies when reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6)." *Buchanan-Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). Thus, the court must view the facts alleged in the complaint "in the light most favorable to the nonmoving party and will grant the motion 'only if it appears beyond doubt that the plaintiff cannot prove any facts that would support [her] claim for relief.'" *Id.* (quoting *N. Ind. Gun & Outdoor Shows, Inc. v. City of South Bend*, 163 F.3d 499, 452 (7th Cir. 1998)). The court should not ignore those facts set forth in the complaint that "undermine the plaintiff's claim," nor should the court "give weight to unsupported conclusions of law." *Id.* Although the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the factual allegations set forth therein "must be enough to raise a right to relief above the speculative level." *Pisciotta v.*

*Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007) (quotation marks omitted)).

**B.  Analysis**

    1.  <u>Standing</u>

Soul Circus argues that under 11 U.S.C. § 541(a)(7), a bankruptcy estate includes any property interest acquired after the commencement of the case.  Soul Circus then cites an Eleventh Circuit case involving a Chapter 7 bankruptcy for two propositions: first, that Ms. Aiken had an obligation to amend her bankruptcy schedule to reflect her legal claims; and second, that failure to list an asset of the estate in a schedule leaves that asset in the estate, even after the case is closed.  (*See* Mot. for Judgment at 3 (citing *Parker v. Wendy's Int'l, Inc.* 365 F.3d 1268 (11th Cir. 2004).)  Notably, Soul Circus cites nothing in its opening brief in support of its argument that Ms. Aikens lacks standing to pursue her personal injury claim.  In its reply brief, Soul Circus's position finally comes to light.  There, it argues that a Chapter 13 debtor has standing to bring suit only for the benefit of the bankruptcy estate.  Since Ms. Aikens' bankruptcy proceedings were dismissed, Soul Circus argues she no longer has standing to assert claims on her own.[1]

It is axiomatic in this circuit that "perfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived."  *Judge v. Quinn*, 612 F.3d 537, 557 (7th Cir. 2010) (internal quotation marks omitted); *see United States v. Giovannetti*, 919 F.2d 1223, 1230 (7th Cir. 1990) ("A litigant who fails to press a point by supporting it with pertinent authority, or by showing why it is a good point despite a

---

[1]  The brief filed on behalf of Ms. Aikens is hardly better—for instance, counsel relies almost entirely on a single case from the Southern District of Illinois, and fails to draw any distinction between a claim the debtor pursues for the estate's benefit and one the debtor pursues for her own personal gain.

3

lack of supporting authority or in the face of contrary authority, forfeits the point."). The same is generally true of arguments raised for the first time on reply. *Luellen v. City of East Chi.*, 350 F.3d 604, 612 n.4 (7th Cir. 2003). Fortunately for Soul Circus, it is also "well settled that standing is not subject to waiver or forfeiture." *Freedom from Religion Found., Inc. v. Nicholson*, 536 F.3d 730, 737 (7th Cir. 2008); *see FW/PBS, Inc. v. City of Dall.*, 493 U.S. 215, 230-31 (1990) ("The federal courts are under an independent obligation to examine their own jurisdiction."). Consequently, the court will forge ahead, albeit with little help from the parties.

As the Seventh Circuit discussed in detail in *Cable v. Ivy Tech State College*, 200 F.3d 467, 472-74 (7th Cir. 1999), there are a number of key differences between a Chapter 7 bankruptcy and a Chapter 13 bankruptcy. For instance, under Chapter 7 the trustee has sole authority to dispose of estate property; this includes managing any litigation relating to the estate. *See id.* at 472. By contrast, with limited exceptions a Chapter 13 debtor retains possession of the property of the estate, *see* 11 U.S.C. § 1306, and retains authority to "commence and prosecute any action or proceeding in [sic] behalf of the estate before any tribunal." Fed. R. Bankr. P. 6009; *see Cable*, 200 F.3d at 472.

The "property" of a Chapter 13 estate includes the property specified in 11 U.S.C. § 541, as well as any property "that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted . . . ." 11 U.S.C. § 1306(a)(1). Therefore, while Ms. Aikens had no personal injury claim on the day she filed bankruptcy—the claim likely accrued ten days later, on the day she alleges that she was injured, *see Golla v. General Motors Corp.*, 167 Ill. 2d 353, 360 (1995)—the claim

4

became the property of the estate by operation of § 1306, at least while her bankruptcy case was still pending.[2]

The Bankruptcy Code also states that "[e]xcept as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor. . . . free and clear of any claim or interest of any creditor provided for by the plan." 11 U.S.C. § 1327(b)–(c). Courts have struggled to reconcile this "vesting" of estate property in the *debtor* under § 1327 with § 1306, which states that any property acquired post-petition belongs to the *estate*. *See, e.g.*, Russell G. Donaldson, Annotation, *Continued existence of Bankruptcy Code Chapter 13 estate after confirmation of the Chapter 13 plan*, 126 A.L.R. Fed. 665 (1995). Here, however, the confirmation order expressly provided that the property of the estate "continue[d] to be property of the estate following confirmation." (*See* Order Confirming Chapter 13 Plan, Case No. 07 B 16963, ECF No. 14.) Therefore, Ms. Aikens' personal injury claim became part of the Chapter 13 estate, and she had a duty to disclose the existence of that property to the bankruptcy court. *See Mayes v. Walgreen Co.*, No. 08 C 5105, 2009 WL 1312957, at *2 (N.D. Ill. May 11, 2009) (noting that "[a] debtor has a continuing duty to disclose her assets and must amend her pleadings whenever circumstances change" and discussing cases from the 5th and 11th Circuits).

Ms. Aikens' bankruptcy is no longer pending. It was dismissed under 11 U.S.C. § 1307(c)(6) because Ms. Aikens materially defaulted in making her payments. Under 11 U.S.C. § 554(d), "[u]nless the court orders otherwise, property of the estate that is not

---

[2] This is true even if Ms. Aikens did not know that she was injured or that her injury was wrongfully caused until she filed her complaint on September 17, 2009, as the complaint was filed after the plan was confirmed (November 8, 2007) but prior to the date that the bankruptcy case was dismissed (April 1, 2010). *See* 11 U.S.C. § 1327.

abandoned under this section and that is not administered in the case remains property of the estate." The court has reviewed the orders in the bankruptcy case, and can find no indication that the bankruptcy court ordered a different result. Nor did the trustee abandon that claim—indeed, it appears that the trustee was not made aware of the claim while the bankruptcy case was active. Consequently, Ms. Aikens' personal injury claim remained the property of the estate upon dismissal of her bankruptcy. *See Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884, at *2 (N.D. Ill. Aug. 20, 2009) ("If a legal claim is not scheduled or otherwise administered by the time the bankruptcy is closed, it forever remains property of the estate.").

Still, the relevant question is not whether Ms. Aikens has Article III standing to pursue her claim. She had standing while the bankruptcy case was pending, *see Cable*, 200 F.3d at 473, and still does. "[T]he requirements of Article III case-or-controversy standing are threefold: (1) an injury in-fact; (2) fairly traceable to the defendant's action; and (3) capable of being redressed by a favorable decision from the court." *Parvati Corp. v. City of Oak Forest, Ill.*, 630 F.3d 512, 516 (7th Cir. 2010). These requirements are satisfied here. Ms. Aiken is the one who suffered the alleged injury—indeed, it is a personal injury claim—and if proven, that injury would be traceable to Soul Circus's action and capable of being redressed by a favorable decision. *See Hernandez v. Forest Preserve Dist.*, No. 08 C 5731, 2010 WL 1292499, at *3 n.4 (N.D. Ill. Mar. 29, 2010) (stating that there was "no question" that Chapter 13 debtor had standing to sue because the debtor had alleged an injury in fact traceable to the conduct of the defendant that would likely to be redressed by the relief sought); *see also Tate v. Snap-On Tools Corp.*, No. 90 C 4436, 1997 W L 106275, at *4-5 (N.D. Ill. Feb. 11, 1997) ("[The

Chapter 7 debtor's] bankrupt status notwithstanding . . . the court concludes that he had standing to prosecute the fraud and breach of contract claims because he was the individual who suffered the alleged injury."); *Lee v. Deloitte & Touche LLP*, 428 F. Supp. 2d 825, 829 (N.D. Ill. 2006) (holding that debtor whose cause of action accrued after filing for Chapter 7 bankruptcy had standing to pursue his claim). *But see Becker v. Verizon N., Inc.*, No. 06-2956, 2007 WL 1224039, at *1 (7th Cir. Apr. 25, 2007) (apparently agreeing with district court's conclusion that a Chapter 13 debtor lacked standing where the claims were part of the bankruptcy estate and nothing suggested that the trustee had abandoned the claims, but going on to find that debtor was judicially estopped from pursuing claim anyhow); *Calvin v. Potter*, No. 07 C 3056, 2009 WL 2588884, at *3 (N.D. Ill. Aug. 20, 2009) (holding that a Chapter 13 debtor who brought suit "for her personal benefit" lacked standing to sue because the trustee had not abandoned the claims).

Instead, the question is whether Ms. Aikens is the real party in interest. As explained in *Hernandez*, Article III standing and the real party in interest doctrine are both used "'to designate a plaintiff who possesses a sufficient interest in the action to entitle him to be heard on the merits.'" *Hernandez*, 2010 WL 1292499, at *3 n.4 (quoting *Weissman v. Weener*, 12 F.3d 84, 86 (7th Cir. 1993)). But while the Article III inquiry asks whether a plaintiff has alleged an injury in fact that is traceable to the defendant and likely to be redressed by the relief sought, the real party in interest doctrine asks whether the plaintiff actually possesses the right sought to be enforced. *Id.* Thus, "[t]he real party in interest doctrine essentially is a prudential limitation on a plaintiff's ability to invoke federal jurisdiction"; the doctrine "does not act as a limitation on the

subject matter jurisdiction of the federal courts." *Id.*; *accord Lee*, 428 F. Supp. 2d at 829 (noting that the "question of whether Plaintiff could actually obtain damages, *i.e.*, whether he has a valid cause of action" is a question of prudential standing); *Tate*, 1997 WL 106275, at *4-5 (concluding that the debtor was not the real party in interest because the trustee possessed the right to enforce any judgment); *Inghram v. Taskin, Inc.*, No. 07-3056, 2008 WL 295078, at *2 (C.D. Ill. Jan 31, 2008); *In re PPA Prods. Liab. Litig.*, MDL No. 1407, 2006 WL 2136722, at *2 (W.D. Wash. Jul 28, 2006).

Because the real party in interest doctrine is not rooted in the Constitution, it is a defense that can be waived. *RK Co. v. See*, 622 F.3d 846, 850 (7th Cir. 2010) ("Today, we too hold that 'real party in interest' is a defense subject to waiver."); *Hernandez*, 2010 WL 1292499, at *3 n.4. Here, neither party has briefed the issue, leaving the court to guess at what the arguments might be. Therefore, the court declines to dismiss the complaint on this basis.

2. Judicial Estoppel

Soul Circus next argues that Ms. Aikens should be judicially estopped from pursuing her personal injury claims, citing *Cannon-Stokes v. Potter*, 453 F.3d 446 (7th Cir. 2006), in support. For her part, Ms. Aikens claims that her failure to disclose the personal injury claim was completely inadvertent. She argues that "it is clear from the timeline of events" that she was not trying to hide the suit from her creditors.[3]

---

[3] Ms. Aikens also indicates that she notified the bankruptcy trustee of her personal injury claim by August 5, 2010, and has attached to her Response a letter in support. Because this is a motion under Rule 12(c), the court may not consider matters beyond the pleadings. *N. Ind. Gun & Outdoor Shows, Inc.*, 163 F.3d at 452-53 ("As the title of the rule implies, Rule 12(c) permits a judgment based on the pleadings alone. The pleadings include the complaint, the answer, and any written instruments attached as exhibits.").

In *Cannon-Stokes*, the Seventh Circuit held that a Chapter 7 debtor was judicially estopped from pursuing a claim that she waited to file until after her debts were discharged and the bankruptcy was over. *Id.* at 448. The court agreed with a number of other circuits that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Id.*; *see Biesek v. Soo Line R.R. Co.*, 440 F.3d 410, 412 (7th Cir. 2006) ("Plenty of authority supports the district judge's conclusion that a debtor in bankruptcy who receives a discharge (and thus a personal financial benefit) by representing that he has no valuable choses in action cannot turn around after the bankruptcy ends and recover on a supposedly nonexistent claim."). Thus, in the bankruptcy context, judicial estoppel precludes a party from representing in bankruptcy that it has no outstanding claims, and then—after the bankruptcy is discharged or dismissed[4]—asserting the undisclosed claims for the party's own benefit.[5]

Subjective intent is relevant to the question of judicial estoppel. *See New Hampshire v. Maine*, 532 U.S. 742, 750 (2001) (noting that it may be "appropriate to resist application of judicial estoppel when a party's prior position was based on

---

[4] That the court in *Cannon-Stokes* was addressing a discharge and not a dismissal is of little consequence, since the debtor receives significant benefits while the case is in bankruptcy regardless of whether the case ultimately is discharged. *See, e.g.*, *Williams v. Hainje*, 375 F. App'x 625, 627 (7th Cir. 2010) (stating that the difference is "immaterial" for purposes of judicial estoppel, because the debtor still receives financial benefits during bankruptcy).

[5] The "own benefit" distinction is important: judicial estoppel is an equitable doctrine, and the Seventh Circuit has stated that it would be inequitable to use the doctrine to harm creditors. *See Cannon-Stokes*, 453 F.3d at 448; *Biesek*, 440 F.3d at 413 ("[U]sing [judicial estoppel] to land another blow on the victims of bankruptcy fraud is not an equitable application."). Thus, unless the bankruptcy estate *itself* engages in "contradictory litigation tactics," there is no estoppel on behalf of the estate. *Cannon-Stokes*, 453 F.3d at 448.

inadvertence or mistake"); *In re Cassidy*, 892 F.2d 637, 642 (7th Cir. 1990) ("[Judicial estoppel] should not be used where it would work an injustice, such as where the former position was the product of inadvertence or mistake."); *Williams*, 375 F. App'x at 628 (recognizing that judicial estoppel may be inappropriate if the nondisclosure was inadvertent); *Mayes*, 2009 WL 1312957, at *3-4 (stating that "equity must recognize a difference" between those who await resolution of bankruptcy proceedings before filing a lawsuit on a known previously existing claim, and those who do not learn until after bankruptcy that they might have a cause of action); *Thompson v. O'Bryant*, No. 08 C 0068, 2008 WL 1924954, at *3 (N.D. Ill. Apr. 30, 2008) (dismissing case where it was clear that debtor knew about potential claims but failed to list those claims in his bankruptcy petition). *But see Becker*, 2007 WL 1224039, at *1 ("Becker intimates that her failure to disclose this lawsuit in her sworn financial statement was unintentional, but her subjective intent does not matter."); *Calvin*, 2009 WL 2588884, at *4 (same).

The court is ill equipped to evaluate the subjective intent of Ms. Aikens at this point. The motion is brought pursuant to Fed. R. Civ. P. 12(c), and the pleadings alone do not resolve the issue. Although each party makes largely unsupported allegations of intent in their briefs, neither party has had an opportunity to gather or present evidence bearing on the question of whether Ms. Aikens' failure to disclose her personal injury claim was intentional. Because this is an argument more appropriate for summary judgment, the court declines to grant Soul Circus's motion.

## II. CONCLUSION

The court concludes that Ms. Aikens has standing to sue; although she may not be the real party in interest, this argument was not raised by Soul Circus nor was it briefed by either party. Moreover, the court cannot adequately evaluate the issues surrounding

Ms. Aikens' subjective intent in failing to disclose her claims to the bankruptcy court at this point in the proceedings. Those issues are best addressed on summary judgment. For all of these reasons, the court denies Soul Circus's motion for judgment on the pleadings.

ENTER:

/s/
JOAN B. GOTTSCHALL
United States District Judge

DATED: June 24, 2011